UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO:   3:20-cr-008-TJC-PDB
    3:18-cr-133-TJC-JRK[1]

ERIC ROBERT WAUGH   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

   ☒ FACTORS CONSIDERED

Defendant Eric Robert Waugh is a 29-year-old inmate incarcerated at Coleman Low FCI, serving a 24-month term of imprisonment for conspiracy to distribute 100 kilograms or more of marijuana (2020 Doc. 42, Judgment) and a consecutive 18-month term of imprisonment for violating the conditions of

---

[1]   Citations to the record in the 2018 case will be denoted as "2018 Doc. __." Citations to the record in the 2020 case will be denoted as "2020 Doc. ___."

supervised release (2018 Doc. 91, Amended Judgment of Revocation). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on December 2, 2022. Defendant seeks compassionate release because he previously contracted Covid-19 and because "its unforeseen long-term health issues [are] a concern." (2020 Doc. 45; 2018 Doc. 93, Motion for Compassionate Release at 1). Defendant also alleges that he has two young children and that his fiancée is currently unemployed. Id. Were he to be released, Defendant contends, he could work to support his children.

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has instructed that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act.

United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the applicable policy statement, "extraordinary and compelling reasons" exist to reduce a defendant's sentence in the following circumstances: (A) when the defendant is suffering a terminal illness or a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," (B) old age, (C) certain family circumstances, including "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1.

Defendant does not allege circumstances that satisfy any of these criteria, let alone provide evidence of the same. Although Defendant states that he previously contracted Covid-19 and he is concerned about potential long-term health consequences, he is only 29 years old and he provides no evidence that he suffers any lingering effects from the prior Covid-19 infection. Regarding family circumstances, Defendant alleges that his fiancée is unemployed and is struggling to financially support their two young children. While the Court is sympathetic to Defendant's family, these allegations do not suggest that the children's caregiver is incapacitated under § 1B1.13, cmt. 1(C). And, in any event, such struggles are unfortunately commonplace when one parent is convicted of a crime and is sentenced to a term in prison. "Because [Defendant's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" his motion is due to be denied. Bryant, 996 F.3d at 1265.[2]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Defendant is serving a cumulative 42-month prison term for conspiracy to distribute 100 kilograms

---

[2] Also, according to the BOP's latest data, 545 staff members and 3,616 inmates at the Coleman Federal Correctional Complex have been fully vaccinated against Covid-19. https://www.bop.gov/coronavirus/. Last accessed June 4, 2021. That represents approximately 66% of the sum of all inmates at the Coleman correctional facilities (5,503 in total). Currently, there are zero cases of Covid-19 at Coleman Low FCI.

or more of marijuana and for violating the conditions of supervised release. In the first prosecution, Case No. 3:18-cr-133, the Court showed leniency when it sentenced Defendant to five years of probation for conspiracy to distribute a mixture and substance containing cocaine and a mixture and substance containing marijuana. Defendant breached the Court's trust when he committed a new federal drug felony while on probation. As Defendant recognizes, granting his motion for compassionate release would cause him to be released from prison about 18 months early. See Motion at 2. In other words, granting the motion would effectively wipe out the 18-month sentence for violating the conditions of supervised release. In view of all the § 3553(a) factors, including the need to promote respect for the law and afford adequate deterrence, reducing Defendant's sentence is not warranted.

Accordingly, Defendant Eric Robert Waugh's Motion for Compassionate Release (2020 Doc. 45; 2018 Doc. 93) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of June 2021.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
c:
Counsel and parties of record